IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE FORBES, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, the United States of America, at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General for the United States, brings this civil action to collect the civil penalties assessed against George Forbes for his willful failure to report his interests in foreign bank accounts for the calendar years 2008, 2009, and 2010, as required by 31 U.S.C. § 5314 and its implementing regulations. In support of this action, the United States alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355(a).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1396 because the Defendant resides in this judicial district.

### PARTIES

3. The Plaintiff is the United States of America.

4. Defendant George Forbes ("Forbes") resides in Fairfax County, Virginia, within the jurisdiction of this Court.

## REGULATORY BACKGROUND

5. United States citizens are required to report their interests in foreign financial accounts to the Internal Revenue Service ("IRS). Section 5314 of Title 31, United States Code, requires the Secretary of the Treasury to implement regulations specifying the nature and form of such reporting. Under the regulations implementing the statute, 31 C.F.R. § 1010.350(a), "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists. To fulfill this requirement, a United States person must file a Form TDF 90-22.1, Report of Foreign Bank and Financial Accounts, known as an "FBAR." The FBAR for a calendar year is due no later than June 30 of the year following the calendar year. 31 C.F.R. § 1010.306(c).

6. All persons who are required to file a Schedule B to their federal income tax returns (Forms 1040) are required to disclose whether, at any time during that tax year, they had a financial interest in or signatory authority over a financial account located in a foreign country.

7. Section 5321(a)(5) of Title 31, United States Code, authorizes the imposition of civil penalties for willful failure to comply with the reporting requirements of section 5314. Specifically, section 5321(a)(5)(C) provides for a willfulness penalty in the amount of the greater of $100,000 or 50% of the balance in the account at the time of the violation.

8. The penalty set forth under 31 U.S.C. § 5321(a)(5)(C) is subject to interest and further penalties under 31 U.S.C. § 3717.

**DEFENDANT'S FAILURE TO REPORT
HIS INTEREST IN A FOREIGN FINANCIAL ACCOUNT**

9. In 2004, George Forbes, a United States citizen, moved to Qatar, where he worked as an engineering consultant in the oil and gas industry. Forbes continued working in Qatar until 2011, when he returned to the United States.

10. During the calendar years at issue in this case, Forbes owned or had an interest in financial accounts at the Commercial Bank of Qatar, UBS, Bank Julius Baer, Barclays Wealth (Monaco), and Ashton Funds Management. At each of those entities, the aggregate balance of the foreign financial account owned by Forbes exceeded $10,000.

11. Forbes was aware of his obligations to file an FBAR with the IRS with respect to his interests in foreign financial accounts at the Commercial Bank of Qatar, UBS, Bank Julius Baer, Barclays Wealth (Monaco), and Ashton Funds Management during the 2008, 2009, and 2010 calendar years.

12. Prior to the 2008, 2009, and 2010 calendar years, Forbes filed FBARs with respect to his interest in his foreign financial account at the Commercial Bank of Qatar during 2004, 2005, 2006 and 2007 calendar years.

13. For the years 2008, 2009, and 2010, Forbes maintained multiple foreign financial accounts, each with balances above $10,000.

14. In 2008, Forbes maintained four separate bank accounts in Qatar, listed as follows:

    a. An account with the Commercial Bank of Qatar bearing account number XXX-XXXXX4-001 ("CBQ Account 1".)

    b. A second account with the Commercial Bank of Qatar bearing account number XXXX-XXXXX9-001 ("CBQ Account 2".)

    c. An account with UBS AG bearing account number XXX-XXXX52-01 ("UBS Account 1".)

    d. A second account with UBS AG bearing account number XX.XXX038_9 ("UBS Account 2".) This account was a "numbered" bank account. A numbered account does not bear the account holder's name, and his or her name does not appear on any statement or report generated on that account.

15. In 2009, Forbes maintained four separate bank accounts:

    a. CBQ Account 1.

    b. CBQ Account 2.

    c. A third account with the Commercial Bank of Qatar bearing account number XXXX-XXXXX9-111 ("CBQ Account 3".)

    d. UBS Account 2.

16. In 2010, Forbes maintained eight separate bank accounts:

    a. CBQ Account 1.

    b. CBQ Account 2.

    c. CBQ Account 3.

    d. UBS Account 2.

    e. An account with Bank Julius Baer bearing account number XXX.XXX.02.01 ("Julius Baer Account".)

    f. An account with Barclay's Wealth (Monaco) bearing account number XXXXXX0001. ("Barclay's Account 1".)

    g. An account with Barclay's Wealth (Monaco) bearing account number XXXXXXX0001. ("Barclay's Account 2".)

    h. An account with Ashton Funds Management bearing account number XXXX5610. ("Ashton Funds Account").

17. On January 22, 2009, Forbes filed FBARs for the calendar years 2004, 2005, 2006, and 2007.

18. Forbes did not file FBARs for the 2008, 2009, or 2010 years.

19. Forbes did not file a Schedule B with his federal income tax returns for the 2008 and 2010 tax years. Forbes did file a Schedule B with his federal income tax returns for 2009 tax year, but indicated on that form that he had no foreign bank accounts.

20. Forbes again filed an FBAR for 2011, the year that he returned to the United States, on June 29, 2012.

21. On November 28, 2011, Forbes was accepted into the 2011 Offshore Voluntary Disclosure Program (OVDP). The OVDP is an IRS program that offers taxpayers with undisclosed income an opportunity to become current with their tax returns. Forbes entered the OVDP with the agreement that his FBAR disclosure would be certified for tax years 2008, 2009, and 2010. However, Forbes failed to make acceptable arrangements with the IRS for payment of the taxes owed, plus, interest, accuracy penalties, and a miscellaneous offshore penalty. As a consequence, Forbes was removed from the program on May 8, 2014.

22. After Forbes was removed from the OVDP, the IRS conducted examinations of Forbes' FBAR obligations for tax years 2008, 2009, and 2010. The audits found that, for the years 2008 through 2010, Forbes had failed to report income in excess of $3,100,000.

The audit also found that Forbes had omitted approximately $1,750,000 of income from the tax returns he had submitted in connection with his participating in the 2011 OVDP.

23. On May 6, 2015, Forbes was assessed civil penalties totaling $1,454,710.70 for his willful failure or refusal to report his interests in his foreign financial accounts at the Commercial Bank of Qatar, UBS, Bank Julius Baer, Barclays Wealth (Monaco), and Ashton Funds Management for 2008, 2009 and 2010 tax years.

24. Forbes willfully failed or refused to file an FBAR with the IRS during 2008, 2009, and 2010 with respect to his interest in foreign financial accounts at the Commercial Bank of Qatar, UBS, Bank Julius Baer, Barclays Wealth (Monaco), and Ashton Funds Management, as evidenced by:

    a. Forbes did not file an FBAR with respect to his foreign bank account at the Commercial Bank of Qatar, UBS, Bank Julius Baer, Barclays Wealth (Monaco), and Ashton Funds Management during 2008, 2009, or 2010, despite the fact that on January 22, 2009, he reported to the IRS his interest in his foreign bank account at the Commercial Bank of Qatar during 2004, 2005, 2006, and 2007.

    b. Forbes did not report any of the income that he received from his foreign bank accounts at the Commercial Bank of Qatar, UBS, Bank Julius Baer, Barclays Wealth (Monaco), and Ashton Funds Management during 2008, 209, and 2010 on his federal income tax returns (Forms 1040) for those years. Forbes failed to report income in excess of $3,100,000. When he amended his federal income tax returns to in order to participate in the OVDP, he still failed to report approximately $1,750,000 of foreign income on those returns.

    c. Forbes used fictitious names and numbered bank accounts in an attempt to conceal his ownership of, or interest in, the foreign financial accounts identified in the preceding paragraphs during the 2008, 2009, and 2010 calendar years.

    d. Forbes has consented to the assessment of civil fraud penalties against him with respect to the omission of income from his foreign financial accounts on his 2008 and 2009 federal income tax returns.

25. Despite notice and demand for payment, Forbes has failed to pay the penalties assessed against him with respect to his willful failure to file FBARs for the 2008, 2009, and 2010 calendar years.

26. The IRS notified Forbes of the FBAR penalties assessed against him by letter on May 6, 2015. Since that date, interest and additional penalties have accrued, and continue to accrue, according to statute. 31 U.S.C. § § 3717(a)-(d), (e).

27. As of May 3, 2016, George Forbes is indebted to the United States in the amount of $1,657,812.23, plus statutory additions which will continue to accrue thereafter by law until paid.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, the United States of America, respectfully prays as follows:

A. That the Court enter judgment in favor of the United States and against George Forbes in the amount of $1,657,812.23 for the penalties assessed against him under 31 U.S.C. § 5321(a)(5), accrued interest on such penalties, late payment penalties, and further statutory additions thereon as allowed by law from May 3, 2017, to the date of payment; and

B. That the Court award such other and further relief, including the costs of this action, as may be deemed just and proper under the circumstances.

DATED: May 5, 2017

DANA J. BOENTE
United States Attorney

*/s/ Gerard Mene*
GERARD MENE
Assistant U.S. Attorney
Counsel for the United States of America
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3777
Facsimile: (703) 299-3983
Gerard.Mene@usdoj.gov

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/ Megan E. Hoffman -Logsdon*
MEGAN E. HOFFMAN-LOGSDON
Trial Attorney, Tax Division
Counsel for the United States of America
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 616-3342
Facsimile: (202) 514-6866
Megan.E.Hoffman-Logsdon@usdoj.gov

*/s/ Kieran O. Carter*
KIERAN O. CARTER
Virginia Bar No. 81953
Counsel for the United States of America
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Telephone: (202) 616-1920
Facsimile: (202) 514-6866
Kieran.O.Carter@usdoj.gov