UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-00530 (LMB/IDD) |
| ) | |
| GEORGE FORBES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment against Defendant George Forbes ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 12.) After neither Defendant nor a licensed attorney for Defendant appeared at the hearing on August 18, 2017, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Complaint, the Motion for Entry of Default Judgment, and the supporting documents, the undersigned Magistrate Judge makes the following findings and recommends that Plaintiff's Motion be **GRANTED**.

### I. INTRODUCTION

Plaintiff, United States of America ("Plaintiff"), filed the Complaint on May 5, 2017 to collect unpaid federal income taxes assessed against Defendant for the years 2008, 2009, and 2010 (Compl. at 1.) Plaintiff has moved for default judgment against Defendant and seeks damages in the amount of $1,657,812.23 as of May 3, 2017, plus statutory additions to tax accruing until paid. (Compl. ¶ A.)

#### A. Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default

1

judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

This Court has original jurisdiction over all civil actions arising under the Constitution, any civil action expressly authorized by Act of Congress, as well as any civil action arising under any Act of Congress providing for internal revenue. 28 U.S.C. §§ 1331, 1345, and 1355(a). Therefore, this Court has subject matter jurisdiction. This Court has personal jurisdiction over Defendant because he resides in Virginia and was personally served in Virginia. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945). Venue is proper in this Court pursuant to 28 U.S.C. § 1396.

### B. Service of Process

For a court to have personal jurisdiction over a defendant for the purpose of entering default judgment, the plaintiff must properly serve the defendant under federal or state law. *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946) (stating that "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served"); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249–51 (4th Cir. 1974) (reversing the district court's entry of default judgment because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the defendant with summons and complaint). The Federal Rules of Civil Procedure provide the manner in which service must occur.

Federal Rule of Civil Procedure 4(e) governs service upon an individual and allows service by "delivering a copy of the summons and of the complaint to the individual personally [or] leaving a copy of each at the individual's dwelling or usual place of abode with someone of

suitable age and discretion who resides there." FED. R. CIV. P. 4(e)(2)(A)–(B). On May 23, 2017, a certified process server served Defendant by personally serving him with the Summons and Complaint. (Dkt. No. 6.) Therefore, Plaintiff properly served Defendant pursuant to Rule 4(e).

### C. Grounds for Default

On May 5, 2017, Plaintiff filed its Complaint against Defendant seeking unpaid federal income taxes and statutory additions to tax accruing and continuing until paid. (Dkt. No. 1.) A certified process server served Defendant on May 23, 2017. (Dkt. No. 6.) On June 28, 2017, after Defendant failed to respond, the Clerk of Court entered default against Defendant. (Dkt. No. 9.) On July 21, 2017, Plaintiff filed the pending Motion for Default Judgment. (Dkt. No. 12.) This Court held a hearing on the Motion on August 18, 2017. (Dkt. No. 16.) After Defendant failed to appear at the August 18, 2017 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II. EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g., DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law, and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the Court must "determine whether the well-pleaded allegations in [the

plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III. FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that Plaintiff has established the following facts. Plaintiff is the United States of America. (Compl. ¶ 3.) Defendant is a resident of Virginia who failed to file Form TDF 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR"), for the years of 2008, 2009, and 2010. (Compl. ¶¶ 5, 11.) Defendant, a United States Citizen, lived and worked in Qatar from 2004 to 2011. (Compl. ¶ 9.) During 2008, 2009, and 2010, Defendant owned or had an interest exceeding $10,000.00 in each of his financial accounts at the Commercial Bank of Qatar, UBS, Bank Julius Baer, Barclays Wealth (Monaco), and Ashton Funds Management. (Compl. ¶ 10.) Defendant was aware of his obligation to file FBARs with respect to his interest in his foreign financial accounts because Defendant previously filed FBARs for the calendar years of 2004 through 2007. (Compl. ¶ 12.) Defendant did not report any underreported income for the calendar years of 2008, 2009, and

2010. (Compl. ¶ 24(b).) Defendant used fictitious names and numbered bank accounts in an attempt to conceal his ownership of, or interest in, the foreign financial accounts at issue. (*Id.* at ¶ 24(c).) Defendant has been sent notice and demand for payment for the penalties assessed against him for his willful failure to file FBARs for 2008, 2009, and 2010. (Compl. ¶ 25.)

A delegate of the Secretary of the Treasury of the United States assessed civil penalties under 31 U.S.C. § 5321 against Defendant for his willful failure to report his interests in foreign bank accounts for the calendar years of 2008, 2009 and 2010, as follows:

| Tax Year | Penalty |
| --- | --- |
| 2008 | $361,467.00 |
| 2009 | $100,591.60 |
| 2010 | $992,652.00 |
| Total Penalty | $1,454,710.60 |

(Dkt. No. 13 ¶ 7.) As of May 3, 2017, Plaintiff seeks $1,657,812.23 for federal civil penalties, plus interest that has accrued and will continue to accrus by statute until paid. (Dkt. No. 13 at ¶ 9; *see also* 28 U.S.C. §§ 3717(a), 3717(e)(2), 1961(a).)

The undersigned finds that Plaintiff has set forth sufficient factual matter to state a claim for relief that is plausible on its face and that Plaintiff has established Defendant's liability for unpaid federal income taxes with reasonable certainty.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends the entry of default judgment in favor of Plaintiff, United States of America, against Defendant, George Forbes. Plaintiff is entitled to $1,657,812.23 as of May 3, 2017, for federal civil penalties, plus statutory interest that has since accrued pursuant to 28 U.S.C. §§ 3717(a), 3717(e)(2), and

interest that will continue hereafter pursuant to 28 U.S.C. § 1961(a), until paid.

V. NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified as follows. Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to the Registrant at the following address:

George Forbes
2653 Glengyle Drive
Vienna, VA 22181

/s/
Ivan D. Davis
United States Magistrate Judge

August 24, 2017
Alexandria, Virginia